STATE *v.* MCNALLY.

Opinion delivered March 10, 1900.

COUNTY CONVICT—PER DIEM ALLOWANCE.—The act of April 12, 1899 (§ 3), relating to county convicts, which amended the act of March 13, 1883, upon the same subject by increasing the *per diem* allowance of a county convict delivered to the county contractor from 50 cents to 75 cents per day was not intended to be retroactive, nor to apply to the case of one convicted prior to its passage. (Page 583.)

Appeal from Jefferson Circuit Court.

ANTONIO B. GRACE, Judge.

STATEMENT BY THE COURT.

Petition by appellee for habeas corpus, alleging as follows: On the 6th of April, 1899, appellee was convicted of an assault in the court below, and fined $50, making, with the costs, $109. On the 11th of the month she was committed to the custody of R. R. Adams, contractor for county prisoners of the county, where she has continuously served at hard labor; and she is entitled to credit in the month of April 19 days, May 31 days, June 30 days, July 31 days, August 31 days and September 11 days, in all 153 days, which at 75 cents a day, amounts to $114, or $4.35 more than the amount due.

Adams answered as follows: Defendant entered into contract with the county judge of the county for keeping county prisoners from January 1, 1899, to January 1, 1900. He was to pay all costs of conviction of prisoners; to pay five and a half cents a day for their labor; and to provide them with proper food and clothing, and with medical attendance. Adams gave bond accordingly. He says appellee worked 84 and one-half days, and lost, on account of bad weather, Sundays, and sickness, 51 and a quarter days. Appellee was not allowed for time thus lost; but for the time that she labored she was allowed 50 cents a day, making $45.12½; a statement which was admitted by the petitioner.

The court allowed petitioner for the full time claimed 153 days, at 75 cents a day, and discharged her.

Motion for a new trial was filed by the appellant, raising all questions of law. It was overruled, and appellant excepted. An appeal was prayed and granted.

*Jeff Davis, Attorney General, Chas. Jacobson, W. B. Sorrells, Prosecuting Attorney,* and *Rose, Hemingway & Rose,* for appellant.

The amended statute of 1883 supersedes the statutes of 1877 and 1881, and fixes the amount to be allowed prisoners *per diem* at fifty cents. Compare Act March 10, 1877, (Sand. & H. Dig., § 899), § 4; Acts 1881, p. 150, sec. 5; Acts 1883, p. 126, secs. 3 and 5. That the latter act repeals the former, see: Endlich, Stat. Const. § 196; 67 N. Y. 109; 49 N. Y. 332; Holmes, 245, S. C. Fed. Cas. No. 17,247; 143 U. S. 18; 65 Ark. 210. In allowing compensation by the day, Sundays are not to be counted. 58 Ark. 620; 92 Ala. 96; 77 *id.* 597; 12 Ga. 100; 8 Metc. 496; 26 Enc. Law, 14. The act of 1899 has no application, because it has no retroactive effect. 56 Ark. 495. Habeas corpus cannot be made to perform the office of an appeal or writ of error. Hurd, Hab. Corp. ch. 6, § 2; 166 U. S. 552.

HUGHES, J., (after stating the facts.) The question arises on the construction of several statutes relating to county convicts.

The act of March 10, 1877, provides as follows: "Sec. 4. When any person shall be convicted of any misdemeanor under the laws of this state by any court of competent jurisdiction, the court shall render judgment against the person so convicted, which judgment shall direct that the person convicted be put to labor in any manual labor workhouse, or on any bridge or other public improvement, or that the person be hired out to some person as hereinafter provided, until the fine and costs are paid, and which shall not exceed one day for each seventy-five cents of the fine and costs." Acts 1877, p. 74; Sand. & H. Dig., § 899.

The following is taken from the act of March 22, 1881:

"Sec. 5.    That whenever any prisoner shall be convicted of a misdemeanor by any court or justice of the peace, if the fine and costs are not immediately paid or secured to be paid within thirty days to the satisfaction of the constable, sheriff or other officer, in case of conviction before the circuit court, said convict shall be committed to the county jail, and by the jailer delivered to the contractor, who shall keep and work him at the rate of twenty-five cents per day, not including Sundays and days on which said convicts shall be unable to labor, or for any cause, by his consent, shall not labor, and said contractor shall pay said fine and costs, and be liable on his bond for the same; and he shall not be released or excused therefrom unless said convict shall die without working sufficient to pay the same; or unless said convict shall be or become, from continued ill health, unable to work.    In such case the county judge may order his discharge without payment of costs; but, unless so discharged, said convict shall work two days for each day lost by sickness, one of which days shall be for compensation of keeping him during a day on which he was sick; and whenever said convict shall be sentenced to jail as a part of his punishment, he shall first work with the contractor to pay his fine and costs, and shall then commence to serve out his term by labor under the contractor as herein provided."    Acts 1881, p. 150.

The act of March 13, 1883, provides as follows:    "Sec. 3. That section 5 of said act be so amended as to read as follows:

Sec. 5.    Whenever any prisoner shall be convicted of a misdemeanor by any court or justice of the peace, if the fine and costs are not immediately paid or secured to be paid within thirty days to the satisfaction of the constable, sheriff or other officer, in case of conviction before the circuit court, said convict shall be committed to the county jail, and by the jailor delivered to the contractor at such place as the contractor may designate, who shall keep and work such prisoners for the time he shall have been adjudged to be imprisoned, and for the further time as will discharge all fines and costs for which he may be committed, at the rate of fifty (50) cents per day.    And said contractor shall not be released or excused from paying for

the time of any convict unless such convict shall die without having labored, or unless such convict shall be or become from continued ill-health unable to work. In such case the county judge may order such convict to be discharged without payment of fine or costs, and whenever any convict shall be sentenced to jail, as part of his punishment, he shall first work with the contractor to pay his fine and costs, and shall then commence to serve out his term by labor under the contractor as herein provided." Acts 1883, p. 126.

The title of this act is "An act to amend sections 2, 3, 5, 15 and repeal section 6 of 'an act to reduce the expenses of enforcing the criminal laws of the state,' approved March 22, 1881."

The act of April 12, 1899, p. 180, provides that when no contractor can be found to take convicts they shall be worked on the roads. It contains the following section:

"Sec. 3. For the purpose of further enforcing this act, the county court, or judge thereof, shall designate in its order the road districts which shall be first worked under this act, and the prisoners shall first work in the district or districts so designated until the road or roads therein shall be put in perfect condition, and the disposition of these prisoners, while they are liable to work the roads under this act, and the order of the work shall be in the discretion of the county court or the judge thereof; *provided*, that the convict defendant shall receive seventy five (75) cents per day, including Sunday, for each day he is so hired out to such contractor, in excess of any liability for care or sickness."

The conviction took place on the 6th day of April, 1899, after the passage of the act of March, 1883; and it seems plain that the case is governed by the act in force at the time of the conviction, at least in the absence of any showing that the offense was committed when the previous act was in force.

The court is of the opinion that the act of April 12, 1899, was not intended to have, and does not have, any retroactive operation, and that it does not apply to this case. *Duke* v. *State*, 56 Ark. 495. The act of the 13th of March, 1883, governs this case, and we hold that under that act the prisoner

is entitled to a credit of fifty cents per day for each day she is confined, or has been confined, including Sundays and all the days of her confinement.

But it appears she had been confined at the time of her application 153 days, and was then entitled to a credit for $76.50. The amount of the fine and costs being $109, she was then liable to be held for the payment of $32.50, to pay which at 50 cents per day would require 65 days from that date.

The judgment of the court below is reversed, and the cause is remanded, with directions to enter a judgment in accordance with this opinion, and to remand the prisoner to the custody of the constable to finish the term of her imprisonment.