MOSAIC TEMPLARS OF AMERICA *v.* BEAN.

Opinion delivered January 10, 1921.

1. STATUTES—PROSPECTIVE OPERATION.—All statutes are to be construed as having only a prospective operation unless the Legislature expressly declares, or otherwise shows a clear intent, that it shall have a retrospective effect.

2. INSURANCE—STATUTE DEFINING BENEFICIARIES OF FRATERNAL POLICY—CONSTRUCTION.—Acts 1917, p. 2091, § 6, providing that payment of death benefits shall be confined to wife, husband and certain other designated relatives or dependents of the member, of a fraternal beneficiary association, has no application to a benefit certificate issued prior to its passage, and a member, after its passage, could change the beneficiary in a benefit certificate previously issued if he had that right before the act was passed.

Appeal from St. Francis Circuit Court; *R. J. Williams,* Special Judge; affirmed.

### STATEMENT OF FACTS.

Frank Bean and Amanda Bean sued the Mosaic Templars of America to recover the sum of $300 alleged to be due them on a benefit certificate.

The material facts are as follows: The Mosaic Templars of America is a fraternal beneficiary life association, and has been legally authorized to do business in the State of Arkansas since the beginning of the year 1916. On the 22d day of March, 1916, it issued a benefit certificate in the sum of $300 on the life of Maggie Starks,

and Mary Young was designated as the beneficiary. Mary Young was a kinswoman of Maggie Starks, but the degree of their relationship is not stated. On the 19th day of August, 1919, Maggie Starks was in failing health and applied to Frank Bean and Amanda Bean for financial help to take care of her for the balance of her life and to pay the assessments upon her benefit certificate. The plaintiffs agreed to help Maggie Starks and wrote to C. E. Bush, National Grand Scribe and Treasurer of the defendant association, advising him that Maggie Starks wished to change the name of the beneficiary in her policy to the names of the plaintiffs. The letter further stated that the plaintiffs were not related to Maggie Starks in any manner, and that the consideration for the change of beneficiaries was that they should pay the premiums on her policy and take care of her during the balance of her life. Bush advised the plaintiffs that he had authority to change the beneficiary to plaintiffs provided Maggie Starks would go before a notary public and make a will changing the beneficiary to plaintiffs. This was done, and thereafter plaintiffs expended the sum of $275 in taking care of Maggie Starks and paying the premiums on her policy. The premiums were paid until the death of Maggie Starks, and proof of her death was duly made to the association.

The defendant refused payment on the ground that the attempted change of beneficiaries was contrary to the statutes of the State, and that, the appointment of plaintiffs as beneficiaries being prohibited by the statutes of the State, they have no right to share in the benefit fund of the association.

The court found in favor of the plaintiffs, and judgment was rendered for the plaintiffs for the amount sued for. The defendant has appealed.

*Scipio A. Jones* and *Thos. J. Price,* for appellant.

The court erred in its declaration of law and in refusing to declare the law as requested by defendant. C. E. Bush, as national grand scribe, had no authority

to change the beneficiary to plaintiffs. Acts 1917, act 462, § 6. Where the provision restricting the beneficiaries is a statutory one, the company can not waive it and has no authority to issue a benefit certificate to a person who is not of the prescribed class. 2 Joyce on Ins., p. 1875; 140 Mass. 580, 5 N. E. 634; 10 *Id.* 166; 143 Mass. 216-21; 60 Mich. 44; 26 N. W. 826; 43 Ohio St. 1, 1 N. E. 11; 79 Kan. 493, 25 L. R. A. 814; 101 Pac. 1. No one has the authority to waive or suspend the statute laws of this State. The statute governing fraternal societies must be given full force and effect. 219 S. W. 767. The beneficiaries must come within the classes designated by our statute.

*Jas. R. Bussey,* for appellees.

The policy here was issued prior to the passage of the act of 1917, and any subsequent law can not affect its validity. The act is not retroactive. The court properly expounded the law. 14 R. C. L., p. 1166, par. 346. *Ib.* 1182, par. 359; 96 Ark. 154.

HART, J. (after stating the facts). The Legislature of 1917 passed an act pertaining to the regulation and incorporation of fraternal beneficiary associations. Acts of Ark. 1917, vol. 2, p. 2087. Section 6 provides that the payment of death benefits shall be confined to wife, husband and certain other designated relatives or dependents of the member.

The record shows that the plaintiffs are not in any of the classes permitted by the statute to be made beneficiaries. Therefore counsel for the defendant contend that the plaintiffs can not recover on the benefit certificate sued on because the statute in question became a part of the contract of insurance, and there is no power to make a beneficiary one who is not within any of the classes designated by the statute. Counsel rely upon the rule laid down by the Supreme Court of Minnesota, in *Logan* v. *Modern Woodmen of America,* 2 A. L. R. 1676, and cases cited in the opinion. We need not decide upon the correctness of the rule announced in those cases, for

we are of the opinion that the statute relied upon has no application under the facts of the present case. The benefit certificate sued on was issued prior to the passage of the act. So far as the record discloses, at the time the benefit certificate was issued, the member had the right to change the beneficiary to the plaintiffs, and this right or privilege was recognized by the Grand Scribe of the order, in 1919, at the time the change of beneficiaries was made.

It is a well settled rule of this court to construe all statutes as having only a prospective operation unless the Legislature expressly declares, or otherwise shows a clear intent that it shall have a retrospective effect. *Duke* v. *State,* 56 Ark. 460; *State* v. *Wallis,* 57 Ark. 64; *State* v. *McNally,* 67 Ark. 580; *Rhodes* v. *Cannon,* 112 Ark. 6, and *Black* v. *Special School Dist. No. 2,* 116 Ark. 472.

In *White* v. *United States,* 191 U. S. 545, the court said that where it is claimed that a law is to have a retrospective operation, such must be clearly the intention, evidenced in the law and its purposes, or the court will presume that the law-making power is acting for the future only and not for the past; that it is enacting a rule of conduct which shall control the future rights and dealings of men, rather than review and affix new obligations to that which has been done in the past.

Again in the case of *Cameron* v. *United States,* 231 U. S. 710, it was said that a retrospective operation of statutes is not to be given except in clear cases, unequivocally evidencing the legislative intent to that effect.

The statute under consideration pertains to the regulation and incorporation of fraternal beneficiary associations, and is very lengthy, containing thirty-two sections. There is nothing in any of them that tends to show that the Legislature intended the statute to have a retroactive effect. On the other hand, considering the language used in the light of the well known rule of construction above stated, it is apparent that the Legislature did not intend to give a retrospective effect to the statute. At the time

of the passage of the act there were doubtless many members of fraternal societies who were acting under the rules and constitutions of the societies as they then existed. There is nothing to indicate that the Legislature intended the statute to affect the rights of such members. Given a prospective operation, as we think it should be given, the statute has reference to the regulation of the rights and privileges between the societies and such members as should thereafter join them, and did not attempt to cut off or destroy the rights or privileges of those members who had already joined and secured benefit certificates under the constitution and by-laws of the associations as they then existed.

As stated in *State* v. *Wallis,* 57 Ark. 64, whether, if the Legislature had so intended, the statute could have a broader application and could have affected the rights of members in benefit certificates issued before the passage of the act, we need not determine. It is sufficient to say that the statute relied upon by the defendant has no application to the facts presented by the record. So far as the record discloses, the member complied with the constitution and by-laws of the society in making the change of beneficiaries, as they existed before the passage of the act in question, and this was recognized by the grand scribe of the order.

No other error is assigned for a reversal of the judgment, and it follows that the judgment will be affirmed.