INTERNATIONAL ORDER OF TWELVE KNIGHTS AND DAUGHTERS OF TABOR *v.* ROSENBERG.

Opinion delivered April 14, 1924.

INSURANCE—ASSIGNMENT OF BENEFIT CERTIFICATES.—Crawford & Moses' Dig., § 6074, designating the persons who may be made beneficiaries in the certificates of fraternal benefit societies, was not retrospective, so that an endowment certificate issued before its passage, no by-law of the society forbidding, could be assigned after its passage to a person not within the designated classes of persons.

Appeal from Jefferson Circuit Court; *T. C. Parham*, Judge; affirmed.

*Scipio A. Jones* and *Carmichael & Hendricks*, for appellant.

*Harry T. Wooldridge*, for appellee.

HUMPHREYS, J. This suit was brought by appellee, in the circuit court of Jefferson County, against appellant, a fraternal benefit association, to recover $300 upon an endowment certificate issued by appellant to Lizzie Coleman on the 24th day of April, 1914, and by Lizzie Coleman assigned for value to appellee on the 16th day of September, 1917.

Appellant filed an answer denying liability under the certificate on the ground that, when the certificate was assigned, appellee was not one of a class limited as bene-

ficiaries by the provisions of § 6074 of Crawford & Moses' Digest.

The cause was submitted to the court, sitting as a jury, upon the pleadings, the endowment certificates, and an agreed statement of facts, which resulted in a judgment in favor of appellee against appellant for the amount claimed, from which is this appeal.

The endowment certificate contained the following provision as to payment in case of death: "His or her legal heirs, assigns or assigned to his or her death, shall be entitled to receive from the endowment department, Arkansas jurisdiction, the sum of three hundred dollars; and at no time shall the amount be less than one hundred dollars. Provided the statement made by the above named member to the medical examiner and in his or her petition for membership is warranted to be true; and the further condition that the said member shall have fully complied with all the laws, rules and regulations of said endowment department now in force, or may hereafter be enacted for the government of said endowment department; and on condition that said member shall be in good standing at the time of death and has paid all requirements imposed by the endowment department at the time the same became due."

The agreed statement of facts is as follows: "It is admitted by the counsel for all parties concerned in this action that policy No. T60576 was issued by the International Order of Twelve to Lizzie Coleman on April 24, 1914, and duly assigned by the said Lizzie Coleman to Mrs. Selma Rosenberg, the plaintiff, on September 16, 1917; that Mrs. Rosenberg was no relation to Lizzie Coleman; and that all dues under said policy have been paid; and that it was assigned to the plaintiff to secure the payment of a sum equal to or exceeding three hundred dollars, the face value of the policy; that the defendant, International Order of Twelve, Knights and Daughters of Tabor, is a fraternal benefit society and was such at the time of the issuance of said policy; that

nothing has been paid to Mrs. Rosenberg under this policy, although demand has been duly made therefor by plaintiff. That Lizzie Coleman died in Pine Bluff, Arkansas, on or about March 24, 1922. That the defendant received proper notice of the death of said Lizzie Coleman, and acknowledged same.''

Appellant contends for a reversal of the judgment upon the alleged ground that appellee was not one of any class that might be designated by the insured as a beneficiary in a fraternal benefit society by § 6074 of Crawford & Moses' Digest, which is as follows:

''The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchild, children by legal adoption, or to a person or persons dependent upon the member, or his or her estate; provided that if, after the issuance of the original certificate, the member shall become dependent upon an incorporated charitable institution, he shall have the privilege, with the consent of the society, to make such institution his beneficiary. Within the above restrictions each member shall have the right to designate his beneficiary, and, from time to time, have the same changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member; provided, that any society may, by its laws, limit the scope of beneficiaries within the above classes.''

Said section is the same as § 6 of act No. 462 of the Acts of the General Assembly of 1917. This act was before the court for construction in the case of *Mosaic Templars of America* v. *Bean,* 147 Ark. 24, which was similar to the case at bar. In the interpretation of the statute the court said: ''The statute under consideration pertains to the regulation and incorporation of fraternal beneficiary associations, and is very lengthy, containing thirty-two sections. There is nothing in any of them which tends to show that the Legislature intended

the statute to have a retroactive effect. On the other hand, considering the language used in the light of the well known rule of construction above stated, it is apparent that the Legislature did not intend to give retrospective effect to the statute. At the time of the passage of the act there were doubtless many members of fraternal societies who were acting under the rules and constitutions of the societies as they then existed. There is nothing to indicate that the Legislature intended the statute to affect the rights of such members. Given a prospective operation, as we think it should be given, the statute has reference to the regulation of the rights and privileges between the societies and such members as should thereafter join them, and did not attempt to cut off or destroy the rights and privileges of those members who had already joined and secured benefit certificates under the constitution and by-laws of the associations as they then existed.'' The endowment certificate in the case at bar antedates the act and is in no wise affected by it. The insured had the same right to assign it after the passage of the act as before. There was no change in the constitution or by-laws of the society which affected the right of the insured to assign the certificate. The appellee therefore acquired a vested right as beneficiary in the endowment certificate by virtue of the assignment thereof to her. It was beyond the power of the insured to designate another beneficiary, as attempted, after assigning the certificate for value to appellee pursuant to the authority contained therein.

No error appearing, the judgment is affirmed.