MOSAIC TEMPLARS OF AMERICA *v.* CROOK.

Opinion delivered February 15, 1926.

1. INSURANCE—FRATERNAL BENEFIT SOCIETY—BENEFICIARIES.—Crawford & Moses' Dig., § 6074, providing that the payment of death benefits by fraternal benefit societies shall be confined to certain designated relatives or dependents of the members, is prospective in operation, and does not affect the rights of beneficiaries in policies issued prior to the passage of the statute.

2. INSURANCE—CONSTRUCTION OF BY-LAWS.—A by-law of a fraternal benefit society which provides that "the payment of death benefits shall be confined to said beneficiaries, as permitted in the statutes of the State in which the deceased resided," *held* not to apply to policies issued prior to its adoption.

3. WILLS—SIGNATURE.—A will signed at the beginning of the instrument, instead of at the end, is effective if it appears that the writer intended to sign the instrument and become bound by its provisions.

Appeal from Ashley Circuit Court; *Turner Butler,* Judge; affirmed.

### STATEMENT BY THE COURT.

Lecester Crook sued the Mosaic Templars of America to recover $300 alleged to be due him as beneficiary upon a life insurance policy issued by the defendant to Henrietta McCloud.

Lecester Crook was a witness for himself. According to his testimony, he was sometimes called Leaster Crook. He is 32 years old, and is not related to the insured, Henrietta McCloud, but had been paying the premiums on the policy sued on for fifteen years. Prior to that time his father and mother had paid the premiums on the policy. He was made the beneficiary in the policy soon after he was born. On the 13th day of March, 1911, a substituted policy was issued to Henrietta McCloud, and the insurer agreed in it to pay the amount of the policy at the death of the insured to the person named in the will made by the insured.

The will or assignment referred to is as follows:

"Will or Assignment. I, Henrietta McCloud, do hereby will and assign the benefits of this policy to:

Names of beneficiaries .................... age .......... City, Leaster Crook, whatever amount may be due on this policy.

"Betty Lyons,

"Name of Member.

"Witness:  C. F. Newton, W. S., M. L. Peoples, W. Z. M."

Other testimony relating to the time and manner in which the will or assignment was executed will be stated in the opinion.

The certificate of insurance, or the policy sued on, contains a provision for the payment to the beneficiary of the member after his death "subject to the conditions hereinafter set forth in this policy and the general laws of the order as are now in force and shall be adopted and enacted from time to time."

It was agreed between the parties in open court that Lecester Crook is not within any of the classes who are permitted to be a beneficiary of the policy of insurance issued by a fraternal benefit society under the limitation provided by § 6074 of Crawford & Moses' Digest, which is § 6 of act 462 of the Acts of 1917.

The defendant then introduced the constitution and general laws for the government of the defendant. Among other things, § 6 of the by-laws contained the following:  "The payment of death benefits shall be confined to said beneficiaries as permitted in the statutes of the State in which the deceased resided."

The case was tried before the circuit court sitting as a jury, and the court found that the plaintiff was entitled to recover from the defendant the sum of $300 with interest at the rate of six per cent. per annum from May 15, 1923, until paid.  Judgment was rendered accordingly, and the defendant has duly prosecuted an appeal to this court.

*Carmichael & Hendricks,* for appellant.

*Compere & Compere,* for appellee.

HART, J., (after stating the facts).  The first contention of counsel for the defendant for a reversal of the

judgment is that the plaintiff is precluded from recovery under the terms of the policy and the by-laws, which it is claimed became a part of it. The Legislature of 1917 passed an act relating to the regulation and incorporation of fraternal beneficiary associations. Section 6 of the act is now § 6074 of Crawford & Moses' Digest. It provides that the payment of death benefits shall be confined to certain designated relatives or dependents of the members. This statute has been construed as having only a prospective operation, and as not affecting the rights of beneficiaries in policies issued prior to the passage of the statute. *Mosaic Templars of America* v. *Bean,* 147 Ark. 24, and *International Order of Twelve Knights and Daughters of Tabor* v. *Rosenberg,* 163 Ark. 594.

The benefit certificate or the policy sued on in this case was issued prior to the passage of the statute, and it is conceded that the plaintiff is not precluded from recovery under it. It is insisted, however, that he is barred of recovery under the policy itself and the by-laws of the order. As shown in our statement of facts, the policy contained a provision that it was subject to such laws of the defendant as might then be in force and such others as should be enacted in the future.

It is claimed that, under this clause of the policy, as construed in connection with § 6 of the by-laws, the defendant is barred of recovery. It will be remembered that § 6 provides that the payment of death benefits shall be confined to such beneficiaries as are permitted in the statutes of the State, and that it was passed in 1917. The exact time in that year that the change was made is not certain, but the change was made in order to conform to the statute. Prior to that time there was nothing in the constitution or the by-laws of the order which precluded the insured from making the plaintiff her beneficiary. It is well settled that contracts are to be construed in the light most favorable to the insured, and, when that is done, in view of the object sought to be accomplished, it seems to us that the defendant was act-

ing for the future only, and not for the past, when the change was made in the by-laws. In other words, they changed the by-laws so that in the future policies should not be issued to those persons who were prohibited by statute from being named as beneficiaries. There is no reason apparent to us why the same rules applying to the construction of statutes should not be applied to the construction of the by-laws as to policies which had already been issued. It will be remembered that the plaintiff was named in the policy as beneficiary in 1911, before the passage of the act of 1917 enumerating the persons who might be designated as beneficiaries. We are of the opinion that § 6 of the by-laws was not intended to operate upon policies which had been issued prior to its adoption, and that the plaintiff continued to be the beneficiary named in the benefit certificate.

It is also contended that the will or assignment, as it is called, did not in a proper and legal manner designate the plaintiff as a beneficiary. The will is copied in our statement of facts, and need not be repeated here. The plaintiff was sometimes known as Leaster Crook, as it appears in the will or assignment. This instrument also shows that it was signed by Henrietta McCloud at the beginning of it and not at the end, as is usually done. That the signature appears at the beginning instead of the end of the writing is unimportant if it appears that the writer intended to sign the instrument and become bound by its provisions. *Lee* v. *Vaughan's Seed Store,* 101 Ark. 68.

According to the testimony of Minnie Peoples, she was the presiding officer of the lodge at the time Henrietta McCloud assigned the policy of the plaintiff, and C. F. Newton was the scribe of the lodge. C. F. Newton wrote the name of Henrietta McCloud in the will or assignment while she held the pen. C. F. Newton, Betty Lyons and the witness were all present and witnessed the signature. This was done in open lodge at the request of Henrietta McCloud, in order that Lecester Crook

should receive the insurance at her death. The testimony of Betty Lyons was to the same effect. This testimony shows that the requirements of the order as to the designation of the beneficiary were substantially complied with.

It follows that the judgment will be affirmed.