MUTUAL RELIEF ASSOCIATION *v.* PARKER AND JUSTICE.

Opinion delivered October 18, 1926.

1.  INSURANCE—REGULATION BY STATE.—The State has power to regulate insurance companies and the method of conducting their business.

2.  INSURANCE—REGULATION—PROSPECTIVE EFFECT OF STATUTE.—Acts 1925, p. 405, requiring payment of the amount specified in a membership certificate issued by a benefit association, has no application to such certificates issued before passage of the act.

3.  STATUTES—PROSPECTIVE OPERATION.—All statutes must be construed to be prospective in operation unless otherwise declared or a clear intent to the contrary is shown.

4. INSURANCE—CONSTRUCTION OF BY-LAWS.—By-laws of a mutual benefit association doing business under the assessment plan, adopted in conformity with Acts 1925, p. 465, requiring payment of the maximum amount specified in the certificate, do not affect rights vested under certificates already in existence.

Appeal from Pope Circuit Court; *J. T. Bullock,* Judge; modified.

*John P. Roberts,* for appellant.

*Robert Bailey* and *Joe D. Shepherd,* for appellee.

McCULLOCH, C. J.    Appellant is a mutual insurance association, doing business on the assessment plan, the members or policy-holders being grouped into circles and the members of each group being assessed to pay the benefits maturing upon the death of a member of that circle.    The policy, or certificate, issued to members pursuant to the by-laws, provides a maximum amount of $500, with $60 payable if death occurs during the first or second month of the life of the certificate and $20 per month for each month thereafter for 22 months, and provides further that "the liability of the Mutual Relief Association hereunder shall, in no event, exceed the amount produced by one assessment on the members of the circle in which said member may be placed, less the cost of collecting said assessment."

J. C. Parker became a member of the association on November 30, 1920, and a policy or certificate of insurance was issued to him in accordance with the above form and substance, payable, in case of death, to J. L. Parker, one of the appellees herein.    J. C. Parker died on January 15, 1926, and the amount produced at that time by one assessment on the circle in which said member had been placed, less the cost of collecting the assessment, is shown to have been in the sum of $150.71.

On October 20, 1921, Mary M. Amos became a member of said association, and a policy or certificate of insurance was issued to her, payable to her son, W. H. Justice, one of the appellees herein.    Mary M. Amos died in January, 1926, and the amount produced at that

time by one assessment on the circle in which she had been placed is shown to have been the sum of $108.20.

Appellees instituted separate actions against appellant on said certificates to recover $500, the maximum amount specified in each policy, and the two cases were consolidated and tried together, resulting in a judgment in favor of each appellee for the sum of $500, together with twelve per cent. penalty, and attorneys' fees. The cases are presented here as consolidated actions, and the only question presented relates to the amount of recovery—whether the appellees are each entitled to the maximum specified in the policy, or the respective amounts which were produced by one assessment on the members of the circle as shown by the evidence.

Counsel for appellees rely, in support of the judgment, upon the terms and effect of a recent statute enacted since the parties named became members of the association (Acts 1925, p. 405), which, they contend, applies to these certificates, and requires payment of the maximum amount specified therein. Counsel for appellant contends, in the first place, that this statute is unconstitutional as impairing the obligation of contracts, and that it does not unconditionally require the payment of the maximum amount specified in certificates, but that, if the statute is so interpreted, it is not retroactive in effect so as to be applicable to policies or certificates of membership issued prior to its enactment. The purposes of the statute, as stated in the caption, are "to define assessment life, health and accident associations or companies, industrial insurance companies, to provide how same may be organized and transact business in this State, for proper regulation of same, and for other purposes." There are numerous sections not involved in the present controversy, but § 3-B, upon the construction of which it is claimed the result of this litigation depends, reads as follows:

"Such association shall specify in their policy or membership certificate forms the sum of money they promise to pay and the number of days after satisfac-

tory proof is filed when such payment will be made. Upon the occurrence of such contingency, unless the contract shall have been voided by fraud or by breach of its conditions, the corporation shall be obligated to the beneficiary for such payment at the time and in the amount specified in the policy or certificate. If such corporation shall refuse or fail to make such payment, after final judgment has been obtained upon such claim, the Insurance Commissioner shall notify the corporation not to issue any new policies or certificates until such indebtedness is fully paid; and no officer or agent of the corporation shall make, sign or issue any policy or certificate of insurance while such notice is in force.''

Conceding, without deciding, that the language of this section means what counsel for appellees contend, we do not think that the decision of the case turns upon its interpretation, but the controlling question is whether or not it applies to policies or certificates issued by the association prior to the enactment of the statue. It must be conceded that it was within the power of the lawmakers to regulate insurance companies and the method of conducting that kind of business. In *Lewelling v. Manufacturing Wood Workers' Underwriters,* 140 Ark. 124, 215 S. W. 258, we said:

''The State, in the exercise of its police power, may fully and completely regulate the business of insurance; and it may prescribe the conditions under which persons or corporations outside the State may exchange insurance with persons or corporations within the State.''

Many authorities could be cited sustaining this power. The statute is valid in so far as it undertakes to regulate the business of such companies as are specified therein. Penalties are prescribed in the statute for doing business without compliance with the statute, and a period of six months after approval of the statute is allowed for reorganization of companies and changes in the method of doing business so as to conform to the statute. We are of the opinion that this statute, when

its terms and provisions are considered as a whole, was intended to act prospectively and has no application to policies or certificates theretofore issued so as to increase the amounts payable different from the specifications of amounts therein when issued. It is a settled rule of law that all statutes must be construed to be only prospective in operation, unless otherwise expressly declared or a clear intent otherwise shown. Many authorities recognizing this principle are cited in the case of *Mosaic Templars of America* v. *Bean,* 147 Ark. 24, 226 S. W. 525. In that case the question presented for decision was whether or not a statute which, if applicable, would have invalidated a policy in a mutual assessment association, should be declared to be retroactive, and in the opinion it was said:

"The statute under consideration pertains to the regulation and incorporation of fraternal beneficiary associations, and is very lengthy, containing 32 sections. There is nothing in any of them that tends to show that the Legislature intended the statute to have a retroactive effect. On the other hand, considering the language used in the light of the well-known rule of construction above stated, it is apparent that the Legislature did not intend to give a retrospective effect to the statute. At the time of the passage of the act there were doubtless many members of fraternal societies who were acting under the rules and constitutions of the societies as they then existed. There is nothing to indicate that the Legislature intended the statute to affect the rights of such members. Given a prospective operation, as we think it should be given, the statute has reference to the regulation of the rights and privileges between the societies and such members as should thereafter join them, and did not attempt to cut off or destroy the rights or privileges of those members who had already joined and secured benefit certificates under the constitution and by-laws of the associations as they then existed."

The statute now under consideration, and all such statutes, are reciprocal in their burdens and benefits and apply alike to the association and to its members. This association has no reserve fund, and its only method of paying benefits is by assessment upon the members. The statute, if given a retroactive effect, would necessarily increase the burden of the persistent members by requiring them to pay additional or higher assessments than those specified in their contract. The rule stated above forbids that that interpretation be given to the new statute. Moreover, the language of the statute itself shows affirmatively, we think, that a retroactive effect was not intended. The section above manifestly applies only to certificates issued after the enactment of the statute.

It is further contended by appellees that the association, after the enactment of the statute, adopted by-laws in conformity with the statute, so as to be able to do business in accordance with its provisions. These by-laws, however, must be confined in their operation to a prospective effect so as not to disturb rights vested under the certificates already in existence. *Mosaic Templars of America v. Crook,* 170 Ark. 474, 280 S. W. 3. It follows therefore that the judgments were each for an excessive amount. We have decided that a similar provision in by-laws or policies of such an association limiting the amount of the benefit to the sum raised by a single assessment on the members in a circle is valid and enforceable, and controls the amount to be recovered under the policy. *Home Mutual Benefit Ass'n. v. Rowland,* 155 Ark. 450, 244 S. W. 719, 2 A. L. R. 86; *Home Mutual Benefit Ass'n. v. Round,* 157 Ark. 597, 249 S. W. 3.

The judgment in each case is reversed, and judgment will be entered here as of the date of the judgment below in favor of appellee Parker for the sum of $150.71, and in favor of appellee Justice for the sum of $108.20. No recovery is allowed for penalty or attorneys' fees, for the reason that the sum recovered in each instance is less than the amount demanded. It is so ordered.