MOSAIC TEMPLARS OF AMERICA *v.* MILLER.

Opinion delivered February 20, 1928.

INSURANCE—BENEFIT CERTIFICATE—RIGHT OF ASSIGNEE.—Crawford & Moses' Dig., § 6074, naming the classes of beneficiaries under a fraternal benefit certificate, has no application to benefit certificates issued before the statute was passed, so that one to whom a benefit certificate was assigned in 1926 under a certificate issued prior to the passage of such act was entitled to recover.

Appeal from Conway Chancery Court; *W. E. Atkinson,* Chancellor; affirmed.

*Scipio A. Jones, Thomas J. Price,* for appellant.

*A. J. Gilmer,* for appellee.

SMITH, J.   This case is similar to and is controlled by the opinion in the case of *Mosaic Templars of America v. Bean,* 147 Ark. 24, 226 S. W. 525.

In 1915 Lizzie Moore was initiated into and became a member of a subordinate lodge of the Mosaic Templars of America, a fraternal benefit life association, and a benefit certificate was issued to her in the sum of $300, payable at her death, if the certificate was then in force, to the beneficiaries there named.   The certificate was kept in force by the payment of the monthly assessments against it until 1925, at which time. the health of the

member failed, and she entered into a contract with Rena Miller, whereby she assigned a two-thirds interest in the certificate to the said Rena Miller upon condition that the said assignee would take care of her during the remainder of her life and pay the assessments upon the benefit certificate. The insurance society was advised of this assignment, and thereafter received from Rena Miller the monthly assessments until the date of the death of the insured, which occurred March 16, 1926.

When proof of the death of the insured was furnished, it appeared that Rena Miller was not related to the insured in any degree which permitted her to become a beneficiary under the provisions of § 6074, C. & M. Digest, which reads as follows:

"The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member, or his or her estate; provided that if, after the issuance of the original certificate, the member shall become dependent upon an incorporated charitable institution, he shall have the privilege, with the consent of the society, to make such institution his beneficiary. Within the above restrictions each member shall have the right to designate his beneficiary, and, from time to time, have the same changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member; provided, that any society may, by its laws, limit the scope of beneficiaries within the above classes."

The section quoted was enacted as § 6 of the act of March 28, 1917 (act 462, volume 2, Acts 1917, page 2087), entitled "An act pertaining to the regulation and incorporation of fraternal beneficiary associations, societies or orders, and other matters pertaining thereto * * *."
The section quoted was amended by act 13 of the Acts

of 1927 (Acts 1927, page 37), but the eligibility of Rena Miller as a beneficiary was not affected by the amendatory act.

The ineligibility of Rena Miller being made to appear, the insurer paid the amount of the certificate to the beneficiaries named in the certificate, after declining to pay any portion thereof to the said Rena Miller, who thereupon brought this suit, and in the trial below, which occurred in the chancery court, she recovered a decree for the portion of the certificate which had been assigned to her.

It is insisted, for the reversal of the decree of the court below, that the fraternal association could not consent to an assignment of the certificate to a person ineligible to become a beneficiary under the statute quoted, and that the assignment thereof was therefore nugatory.

Legislation very similar and in many respects identical with the act of 1917 has been enacted in a number of the States, and the legislation has been uniformly upheld.

At § 214 of Bacon on Life & Accident Insurance (4th ed.), vol. 1, page 371, it is said:

"Benefit societies differ from other mutual insurance organizations in that their charters generally impose restrictions upon the issue of certificates by limiting the persons who may be beneficiaries of the members to those who are heirs, relatives or dependents of such members. Wherever these restrictions are imposed by statute, or contained in the charter of the society, it has no power to pass beyond them by issuing a certificate in which any one other than of the specified classes is beneficiary. The Court of Appeals of Kentucky early established this doctrine when it said: 'The charter prescribes who may become members of the company and their obligations, and who shall be the beneficiaries of the membership after the death of the member, and it is not in the power of the company or of the member, or of both, to alter the rights of those who by the charter are declared to be the

beneficiaries, except in the mode and to the extent therein indicated'.''

It would appear therefore that the association properly refused to pay the portion of the certificate assigned to appellee, Rena Miller, but for the fact that the certificate here sued on was originally issued before the passage of the act of 1917, appearing as § 6074, C. & M. Digest, *supra.* The case of *Mosaic Templars of America* v. *Bean, supra,* and that of *Mosaic Templars of America* v. *Crook,* 170 Ark. 474, 280 S. W. 3, held that the statute was not retroactive, and did not apply to certificates issued before its passage. In the Bean case, *supra,* it was said:

''The record shows that the plaintiffs are not in any of the classes permitted by the statute to be made beneciaries. Therefore counsel for the defendant contend that the plaintiffs cannot recover on the benefit certificate sued on because the statute in question became a part of the contract of insurance, and there is no power to make a beneficiary one who is not within any of the classes designated by the statute. Counsel rely upon the rule laid down by the Supreme Court of Minnesota in *Logan* v. *Modern Woodmen of America,* 137 Minn. 221, 163 N. W. 292, and cases cited in the opinion. We need not decide upon the correctness of the rule announced in those cases, for we are of the opinion that the statute relied upon has no application under the facts of the present case. The benefit certificate sued on was issued prior to the passage of the act. So far as the record discloses, at the time the benefit certificate was issued the member had the right to change the beneficiary to the plaintiffs, and this right or privilege was recognized by the grand scribe of the order, in 1919, at the time the change of beneficiaries was made.''

What was there said is equally applicable here, and, as a recovery by an assignee was sustained there, a similar recovery must be sustained here, and it is so ordered. The decree is therefore affirmed.