Rose *against* Ford *and others.*

Appeal *from Chicot Circuit Court.*

A sheriff's return on a writ of summons, in the following words : "Executed the within by reading, April 8th, 1839," is not sufficient to sustain a judgment by default.

The law presumes that every public officer will perform his official duties according to law ; and if the facts stated by the sheriff in his return, show a legal service, the truth of the return cannot, as a general rule, be collaterally questioned by the parties to the proceedings.

But where the return, admitting all the facts stated in it to be true, essentially fails to show a valid legal service, the court can not supply the omission.

After judgment, amendments in the return of service can only be made in matters of form.

The defendant, by appearing generally, waives all exceptions to the writ or return, or at least is precluded thereby from taking any advantage of them.

But he has no legal right to *appear to,* or *defend* the action, after judgment rendered against him. He then has no day in court.

Praying an appeal, therefore, is no such appearance as waives any objection to the writ or return.

An appeal may be taken by the defendant, under our statute, after a judgment by default, without first applying to the court to set aside the judgment.

Where a writ issued under the Territorial statute, but the revised statutes went into force before it was served, the sheriff was to be governed by the latter, as to the service and return.

Where the writ and declaration went out together, it was necessary to be shown in the return that the *writ* was read to the defendant, and that it was read to him in the proper county.

The rule in Gilbreath *v.* Kuykendall renewed.

This was an action of debt, commenced by Ford & Co. against Rose. The return on the original writ was in the following words : "Executed the within by reading, April 8th, 1839. *W. G., Sheriff,* by *T. H. R., Deputy.*" The defendant did not appear, and judgment was rendered by default, on the 21st of May, 1839. On the 22d, the defendant filed his affidavit and prayer for an appeal. On the motion book, immediately after the motion of the prayer of appeal, entered the same day, was a motion to amend the sheriff's return in the case. On the 24th the court revoked the leave to amend the return, and granted the appeal.

Cummins & Pike, for the appellant:

The service of the writ was not sufficient to authorize a judgment by default. See *Gilbreath* v. *Kuykendall, ante p.* 50.

After an appeal was prayed, the sheriff's return could not be amend-

ed in matter of substance. The statute only authorizes amendments of returns in matter of *form*, after judgment rendered. *Rev. St. p.* 635, *sec.* 116. Here the motion was general, to amend except in the return day. The motion therefore was properly refused.

The bill of exceptions was filed after appeal was granted, and according to the rule established in *Lyon* v. *Evans et al.*, 1 *Ark.* 349, and *Gray et al.* v. *Nations, ib.* 557, will not be noticed.

If it could, still the record states that the prayer of appeal was made before the motion to amend, and the record must prevail. *Lyon* v. *Evans et al.*, 1 *Ark.* 349.

SUTTON & FOWLER, *contra:*

The defendant below did not, upon *cause shown*, move the court to set aside the judgment, and permit him to defend, as the court would no doubt have allowed him to do. On the other hand, he prayed an appeal from a judgment regularly rendered for the amount designated in the note. If he had a defence, or if injustice were done him by the judgment, it was in his power to correct it in the court below, simply by showing that he *had a defence.* This he never attempted to do, therefore complaint comes from him with peculiarly bad grace, and he should not receive the countenance of this court, without showing palpable error in law.

As to the first error assigned, it is respectfully urged that the sheriff's return, as first made, was sufficient upon which to render a judgment. A reading to the defendant is good service. *New Code, p.* 621, *sec.* 13. The presumption of law is in favor of the return—certainty to a common intent only being required. And as there was but *the one* defendant named in the summons, the conclusion forces itself irresistibly upon us, that if " executed" at all, and the sheriff returns that fact in this case, it must have been " ex necessitate rei" *executed upon the defendant.* Otherwise, it was not executed at all, and this position at once would put in issue the truth of the sheriff's return, which stands always as true, until the contrary is proved. But suppose, for a moment, that the return is defective. Is not our statute of *jeofails* broad enough to cover far more glaring defects? Sheriff's returns may be amended both before and *after* judgment. *New Code, p.* 635, *sec.*

Rose *against* Ford *and others.*

116. See also *ib.*, *sec.* 114, *et seq.*, for amendments generally. The court below having given appellees leave to amend the return, it must from that moment be considered as amended, and made a full and formal return, and no order rescinding such leave could prejudice rights acquired thereunder by the appellees.

Rose was precluded from an appeal, not having moved as he had a right and was bound to do, to set aside said judgment, &c. His appeal is captious and unnecessary. He could have relieved himself in the court below by motion. Rose coming in during term, cured defects in *service*, &c.

RINGO, *Chief Justice*, delivered the opinion of the Court:

The only question presented by the record and assignment, which it becomes our duty to consider, is this: Is the service of the process on Rose, as set forth in the return thereof by the sheriff, endorsed on the writ, sufficient in law to authorize and uphold the judgment by default given against him by the Circuit Court?

The solution of this question depends upon the construction to be given to the thirteenth, fourteenth, and fifteenth sections, of the CXVI. Chap. of the Revised Statutes of Arkansas, pages 621, 622, which provide " that a summons may be executed either by reading the writ to the defendant, or by delivering him a copy thereof, or by leaving a copy thereof at his usual place of abode, with some white person of the family over 15 years of age.

" And in all such cases where the defendant shall refuse to hear such writ read, or to receive a copy thereof, the offer of the officer to read the same, or to deliver a copy thereof, shall be a sufficient service of the writ; and every officer to whom any writ shall be delivered to be executed, shall endorse thereon the time when such writ came to his hands, and shall make return thereof, in writing, and shall sign his name to such return, and set out how or in what manner he executed the same."

The appellees insist that the presumption of law is in favor of the return. That certainty to a common intent only is regarded, and there being but one defendant named in the writ, the conclusion is irresistible, that it was " executed," and the sheriff states that fact in

his return; and if executed, it must *ex necessitate rei* have been executed on the defendant. Otherwise it could not have been executed at all; which last position is inadmissable, because it controverts the truth of the fact stated in the return, which is always taken as true until the contrary is proved; that the defect in the return, if any, was cured by the appearance of Rose, or the statute of jeofails, and was subject to amendment either before or after judgment; and that an appeal from a judgment by default, cannot be taken by the defendant, until he has applied to the court to set aside the judgment, and his application has been overruled or denied.

The law certainly presumes, that every public officer will perform his official duties according to law; and if the facts stated by the sheriff in his return of process show a legal service, as a general rule their truth cannot collaterally be questioned by the parties to the proceedings; but when the return, admitting all the facts stated in it to be true, essentially fails to show a valid legal service, we are not aware of the existence of any principle of law, or rule of practice, by which the court could be justified in presuming their existence, or supplying the omission. It is, also, as a general rule, admitted, that an officer may, by leave of the court, amend his return in form or substance, either before or after judgment, subject, however, at this time, to the important limitation of this right imposed by the 115th and 116th sections of the statute above referred to, *Revised Statutes, Arkansas, page* 635, which, in our apprehension, limits the right, when the amendment is made after judgment, to matters of form. And there can be no doubt that the defendant, by appearing to the action, generally waives all exceptions to the writ, and the service of the writ; or at least he is precluded thereby from taking any advantage of either.

But he has no legal right to appear to or defend the action, after final judgment is given against him; for so long as it remains in force, he is bound by it, and his rights involved in the controversy are considered as determined. He has, in legal parlance, " no day in court;" and this was the situation of Rose, when he prayed the appeal in this case, which is now urged as an appearance, by which he is concluded from taking advantage of any defect in the service or return of the writ. We cannot, therefore, consider the prayer for an appeal as

equivalent to an appearance, or regard him as having appeared to the action, so as to preclude him from the benefit of any legal objection to the return of the sheriff. The proposition stated and relied on by the defendants in error, that no appeal will lie in favor of the defendant from a judgment by default, until he has applied to the court to set aside the judgment, and failed in his application, is, in our opinion, equally untenable. By the 141st section of the statute before cited, *Rev. Statutes, Ark.*, 638, it is enacted, " that the party aggrieved by any final judgment or decision of any Circuit Court in any civil case, may make his appeal to the Supreme Court." Other sections of the same statute prescribe the time within which the appeal shall be prayed, and define the conditions upon which it shall be granted, all of which appear to have been observed and strictly complied with by Rose; and we do not perceive how it is possible that the provisions of the seventy-seventh section of the same Act, which authorizes the court to set aside the judgment, for good cause shown, at any time before the damages shall be assessed, and on such terms as may be just—or of the eightieth section, which provides, that whenever an interlocutory judgment shall be rendered for the plaintiff by default, or upon demurrer in any suit founded on any instrument in writing, and the demand is ascertained by such instrument, the court shall assess the damages, and final judgment shall be given thereon, cannot be considered as imposing any restriction upon the right of appeal, as given by the 141st section. One of them may, and probably does, enlarge the rights of the defendant, against whom judgment by default is given, while the other simply dispenses with the necessity of empannelling a jury, to inquire of damages in such cases as are embraced by its provisions, and authorizes the court to assess the damages, and give final judgment therefor; but surely neither can have any effect upon the right of appeal.

It is a principle alike essential to the preservation and security of private rights and civil liberty, that no valid judgment can be given, until the defendant or person to be bound thereby has appeared to the proceeding, or had actual or constructive notice thereof, and an opportunity of being heard in defence of his rights; and according to this principle, enforced by the provisions of the statute first quoted,

no judgment by default can be justified, or legally given, until it appears affirmatively by the record, or other competent legal proof, that the defendant has had actual or constructive notice of the proceeding, and failed to appear in obedience thereto; then, and not otherwise, the law considers him as making default by not appearing to answer to or defend against the charge preferred against him, and justifies an adjudication upon his rights without his presence.

Having thus presented the principles and rules by which the validity of the judgment given in this case must be determined, and stated and disposed of several propositions presented and relied on by the appellees, we will now proceed to test the return before us, by those principles and provisions of law, and determine upon its sufficiency.

The return states, that the process was executed by reading, but omits to state what was read, or to whom or at what place. The writ bears date on the 18th day of March, and the return on the 8th of April, 1839. At the date of the former, the law required the writ to be endorsed on the declaration, and that the writ and declaration should go out and be served together; and the reading or delivery of a copy to the defendant of either without the other, would not have been a sufficient service; but at the date of the return, the provisions quoted above were in force, and constituted the rule by which the officer should have acted and been governed, in the execution of the writ. And another section of the same statute provides, that the declaration shall not accompany the writ, or be served therewith. But it is evident that the declaration and writ in this case were both in the hands of the sheriff. Did he read the delaration or the writ, or did he read both of them to the defendant? Did he read them or either of them to the defendant in the county of Chicot? Does the return show satisfactorily, or with sufficient certainty, how the writ was executed, "to justify" the conclusion that it was executed according to law? We think it does not. The sheriff was expressly required by law, to state in his return how, or in what manner, he executed the writ. This he has attempted to do, and we are to presume that he has set forth in his return, as many of the facts, necessary to show a valid service, as he could consistently with the truth. Yet he, contrary to the express

Rose *against* Ford *and others.*

direction of the statute, and in direct violation of his duty, if in fact the writ was executed by him according to law, has entirely omitted to state what he did read, and to show by reasonable intendment, that he read the writ to the defendant in Chicot county.    These facts are material, and they, or something equivalent to them, must appear by the return, to authorize a judgment by default for the non-appearance of the defendant.    But every fact stated in this return may be literally true, and the sheriff or his deputy never have read the writ to the defendant, or, if read to him, it may not have been in Chicot county; and, in either event, there would not have been a legal service.    Under these circumstances, the law did not, in our opinion, justify any adjudication upon the rights of Rose, without his appearance.    And, therefore, the judgment in this case given against him by the Circuit Court of Chicot county, ought to be, and is, hereby, reversed, annulled, and set aside, with costs, and the case remanded to said Circuit Court, for further proceedings to be there had according to law, and not inconsistent with this opinion, and according to the rule established and uniformly acted upon by this court.    The case, when returned to the Circuit Court, must be considered and proceeded in, as though Rose had been legally served with a valid writ, more than thirty days previous to the term of the court to which the case may be regularly returned, he having voluntarily made himself a party thereto, by prosecuting his appeal to this court.