BLACK *v.* SPECIAL SCHOOL DISTRICT No. 2.

Opinion delivered January 25, 1915.

1. LEGISLATIVE ACTS—HOW OPERATIVE.—The presumption is that all legislation is intended to act prospectively and not retrospectively.

2. BANKS—DEPOSIT OF PUBLIC FUNDS—LIABILITY OF DIRECTORS.—Act No. 113, Acts 1913, page 462, does not change the liability of shareholders in a banking corporation, as fixed by Kirby's Digest, § § 1990-1993.

3. BANKS—PUBLIC FUNDS—LIABILITY OF SHAREHOLDERS.—Only the collectors and treasurers named in Kirby's Digest, § 1990, who have deposited public funds with a banking corporation, can have the benefit of the section, and the stockholders of a bank are only liable for such deposits as are made in accordance with this section.

4. BANKS—DEPOSIT OF PUBLIC FUNDS—FUNDS OF SCHOOL DISTRICT—LIABILITY OF STOCKHOLDERS.—Where a deposit of school funds is made by the officers of the school district, it is necessarily made for the benefit of the county treasurer, as the legal custodian of all such funds.

5. SCHOOL DISTRICTS—CUSTODIAN OF FUNDS.—The directors of school districts, whether common or special, are not the custodians of the funds of their respective districts.

6. SCHOOL DISTRICTS—FUNDS—TREASURER—SALE OF BONDS.—The county treasurer is the custodian of funds derived from the sale of bonds of a school district, and of all the funds belonging to the various districts of the county, whether common school or special.

7. SCHOOL DISTRICTS—FUNDS—LIABILITY OF STOCKHOLDERS OF BANK—PARTIES.—Where funds of a school district are deposited in an incorporated bank, under Kirby's Digest, § 1990, they are so deposited for the county treasurer who is the custodian thereof, and the stockholders of said bank are liable for the same when the bank fails to pay over said deposit on demand; and in an action against the stockholders to collect the amount of the deposit, while the county treasurer is a proper party to the action, it is not fatal to the action if he is not joined.

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*E. F. Friedell, E. B. Buchanan* and *Carmichael, Brooks, Powers & Rector,* for appellant.

1. Neither a special school district, nor its board of directors is authorized by the statute to sue. Kirby's Dig., § 1990. Being a penal statute and in derogation of the common law, it must be strictly construed. 59 Ark. 356; 65 Ark. 532; 82 Ark. 251.

As between the special school district and the trust company, the relation of lender and borrower existed. Appellee stands in the same relation to the trust company as any other individual and is entitled to no greater or different protection. 98 Ark. 294; 69 Ark. 43.

2. The appellee had no vested right in a remedy given by the statute which could not be taken away from it by the Legislature. 43 Ark. 420; 48 Ark. 187; *Id.* 519; 83 Ark. 344; 56 Ark. 152; 93 U. S. 108; 10 Wis. 481; 36 Wis. 344; 109 U. S. 285; 113 U. S. 646; 31 Ind. 219; 2 Peters 386, 413; 9 Bush (Ky.) 351; 101 U. S. 433; Cooley, Const. Lim. (7 ed.) 544; 2 Sutherland, Stat. Const., (2 ed.) 285; Endlich, Int. Stat., par. 479.

3. Act 113 of the Acts of 1913, was intended to cover the entire liability of stockholders, and was passed after the decision of *Warren* v. *Nix,* 97 Ark. 374, and it must have been intended to repeal section 1990 of Kirby's Digest. 92 Ark. 600; 100 Ark. 504; 101 Ark. 238; 88 Ark. 234; 80 Ark. 411; 82 Ark. 302; 105 Ark. 77; 72 Ark. 8; 76 Ark. 443; *Id.* 32; 70 Ark. 25; Sutherland, Stat. Const., § 140.

*A. S. Gibson, Louis Josephs, John N. Cook, Pratt P. Bacon, Webber & Webber* and *W. H. Arnold,* for appellant stockholders.

No provision is made in the statute for a suit against the stockholders other than in favor of collectors of taxes, county treasurers and treasurers of cities and towns, and the courts can not amend it by extending its provisions to apply to school districts or any other class of deposi-

tors.  46 Ark. 163; 75 Ark. 542; 71 Ark. 561; 82 Ark. 247; 74 Ark. 306.

*Gustavus G. Pope,* for appellee.

1.   This being a deposit of public funds, the stockholders are primarily liable. Kirby's Dig., § § 1990-1993; 139 Fed. 114; 97 Ark. 385.  If they are primarily liable, it can make no difference, so far as they are concerned, whether the funds belonging to the special school district were deposited in the name of the county treasurer or in the name of the district.  84 Ark. 520.

The deposit in the name of the district carried with it notice to the stockholders that it was a public fund, as much so as if it had been deposited in the name of the county treasurer.  The statute, section 1993, Kirby's Dig., defines public funds, and its definition is broad enough to include the proceeds of the sale of bonds, or any other funds belonging to the district; and this definition applies to the amendment of 1903.  91 Ark. 243; 89 Ark. 598; 73 Ark. 600; 55 Ark. 389.

2.   The court will not confine itself to a mere literal construction of the statute, but will look to the intention expressed in it.  109 Ark. 556; 102 Ark. 373.

3.   The fund in this case was unquestionably a deposit, credited on the pass book as such, and payable on demand.  98 Ark. 385.

4.   The banking act, Acts 1913, could not affect the liability of the stockholders, because the trust company never complied with that act, and because it went into the hands of a receiver before the act went into effect. 110 Ark. 161.

It does not repeal the public fund act by implication or otherwise.  92 Ark. 600.

SMITH, J.   Special School District No. 2, of Miller County, Arkansas, by its directors, sued the stockholders of the Texarkana Trust Company, to recover the sum of $3,217.66, which had been deposited with the trust company prior to October 1, 1913, by the directors of the school district, the character of the funds being known at the time the deposit was received.  The trust com-

pany was placed in the hands of a receiver on November 12, 1913, and its affairs are now being administered under the insolvency laws of this State. This deposit was derived principally from the sale of bonds, although the amount was credited by interest allowed, and by the proceeds of the sale of a certain lot, and by some insurance collected. It is sought to charge the directors of the trust company with liability for this deposit under the provisions of sections 1990-1993, of Kirby's Digest, and this appeal involves the applicability of those sections to the facts of this case, the trial court having directed a verdict in favor of the school district.

It is said, too, that Act No. 113, of the General Assembly approved March 3, 1913, page 462, supersedes the above numbered sections of the Digest, as it undertakes to cover the entire subject of the liability of shareholders in a banking corporation. It is urged that section 36 of this banking act of 1913 accomplishes this result. That section reads, as follows:

"Section 36. The stockholders of every bank doing business in this State shall be held individually responsible equally and ratably, and not one for another, for all contracts, debts and engagements of such bank. to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such stock; *provided,* that persons holding stock as executors, administrators, guardians or trustees shall not be personally subject to liability as stockholders, but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward or person interested in such trust fund would be, if living, and competent to act and hold the estate in his own name."

(1-2) It is unnecessary to decide here the liability of shareholders in banking corporations where that liability accrues after the banking act of 1913 became effective. The facts here are that this banking act of 1913 was not in force at the time the liability of appellants became fixed. The deposit in this case was made and the trust company had failed and been placed in the

hands of a receiver before this banking act was in force. The presumption is that all legislation is intended to act prospectively, and not retrospectively. Sections 1990-1993, of Kirby's Digest, were intended for the protection of the custodians of the public funds therein named, and we find nothing in the banking act to indicate any purpose to change the liability of shareholders of banking institutions in which public funds had been deposited where that liability had become fixed by the failure to pay over as required by those sections. And we need not, therefore, consider the power of the Legislature to change this liability, had such purpose been manifested by the banking act.

By an act numbered 137 of the General Assembly of 1891, found at page 230, of the acts of that year, it was enacted that ''It shall be unlawful for any officer of this State, or of any county, township, city or incorporated town in this State, or any deputy clerk or other person employed by any such officer, having the custody or possession of any public funds, by virtue of his office or employment, to use any of such funds in any manner whatsoever for his own purpose or benefit, or to loan any of such funds to any person or corporation whomsoever or whatsoever, or to permit any person or corporation whomsoever or whatsoever, to use any of such funds, or to pay or deliver any such funds to any person or corporation, knowing that he is not entitled to receive it, or for any such officer to wilfully fail or omit to pay over any such funds to his successor in office at the expiration of his term of office.''

The Legislature of 1903 amended this act by the addition of the following proviso:

''But collectors of taxes, county treasurers and treasurers of cities and incorporated towns may deposit the public funds in their custody in incorporated banks for safekeeping; and the said officers and the sureties on their official bonds, the bank and the stockholders of the bank shall be liable for all funds that such bank on demand shall fail to pay to the person entitled to receive the same.''

Section 1993 of Kirby's Digest, is a portion of the above-mentioned act of 1891, and it provides:

"For the purpose of this act 'public funds' shall be construed to mean all lawful money of the United States, and all State, county, city, town, or school warrants or bonds, or other paper having a money value, belonging to the State, or to any county, city, incorporated town or school district therein."

It is thus seen that by the act of 1891, it was made unlawful for the custodian of public funds to make a general deposit of such funds with any bank or trust company; but by the act of 1903, (Kirby's Digest, § 1990), collectors of taxes, county treasurers and treasurers of cities and incorporated towns were permitted to deposit funds in their custody in incorporated banks for safekeeping. And, when so deposited, the stockholders of such bank were made liable for the deposit, upon the failure of the bank to pay the deposit on demand to the person entitled to receive it.

It is said that this act should be strictly construed and that, when so construed, it can have no application to this deposit, for the reason that it was made by school directors, and not by a collector of taxes, nor by the treasurer of any county, city or town, and that this act inures only to the benefit of collectors and treasurers, and that no other persons depositing public funds can claim the benefits of its provisions.

(3-4) The majority of the court are of the opinion that only collectors and the treasurers named can have the benefit of this act, and the stockholders of the bank are, therefore, only liable for such deposits. The majority of the court are further of the opinion that, although this deposit was made by the officers of the school district, it was necessarily for the benefit of the county treasurer, as the legal custodian of all such funds.

(5) The directors of school districts, whether common school or special, are not the custodians of the funds of their respective districts. No provision is contained in the law for the election of any member of a school board as treasurer of such board. It is contrary to the

spirit and genius of our laws that any one should handle public funds except bonded officers, whose bonds are conditioned to faithfully account for all moneys coming into their hands by virtue of their offices.

Section 46 of article 7 of the Constitution of this State names the officers to be elected by the qualified electors of each county, and, among others, "one treasurer, who shall be ex-officio treasurer of the common school fund of the county."

All special free school districts are authorized by sections 7696 to 7699 of Kirby's Digest to borrow money for certain designated purposes, and to mortgage the property of the district as security therefor and to evidence the indebtedness by certificates of indebtedness issued by the board of directors of the school district. Section 7697 provides that such evidences of indebtedness, whether warrants or promissory notes, shall be as valid as if there were money in the county treasury to pay them at the time they were drawn, and provides that such evidences of indebtedness need not be registered with the county treasurer till the time for payment, but shall be drawn upon the building fund and paid out of that fund in the order of their date, as that fund is collected by successive levies of taxes.

(6) It is true it is not expressly provided that the treasurer shall be the custodian of the proceeds of money derived from the sale of bonds, but the context of the sections above quoted from makes it plain that the Legislature so intended, and that the Legislature assumed that the treasurer would necessarily be the custodian of such funds, without express provision to that effect.

The section of the Constitution quoted mentions only "common school fund," but no provision is made for any other officer to be the custodian of public funds, after the same have been collected.

Various sections of the Digest, which we need not set out, defining the duties of the treasurer and providing for his settlements, together with various sections of the statutes relating to the conduct of the public schools of the State, and the disbursement of their funds, make it

evident that the Legislature contemplated the county treasurer should be the custodian of all the funds belonging to the various districts of the county, whether common school or special.

The case of *Helena Special School District* v. *Kitchens,* 108 Ark. 137, does not conflict with this view. It was decided in that case that the county treasurer was not entitled to commissions upon the proceeds of a sale of bonds issued by the Helena Special School District, but it was not there decided that the treasurer was not the proper custodian of the money. It does appear, from the statement of facts in that case, that the funds derived from the sale of the bonds were never placed in the treasurer's hands; but the right to the custody of those funds was not involved in that litigation. Indeed, it appears, from the statement of facts, that the fund had been entirely disbursed by the officers of the district in the construction of the buildings, for the payment of which the bonds had been issued. The decision in that case was uninfluenced by the fact that the treasurer had never had the custody of the money.

In the case of *Honey* v. *Greene County,* 102 Ark. 106, we held, in a case where the county treasurer had had the custody of certain drainage funds under the general drainage law of the State entitles him to such custody, that no commission could be charged because none had been provided for. And in the more recent case of *Haley* v. *Thompson,* 116 Ark. 354, we held that a collector was not entitled to commissions on certain drainage funds, although he had been required by the law to make this collection, for the reason that no provision had been made for the payment of his commission. So, an officer may be entitled to the custody of public funds and may be required under his bond to account for them, and yet be entitled to no commission for handling them.

(7) The treasurer of Miller County is not a party to this litigation; yet he is the beneficiary of it, because he is entitled to the custody of the deposit, for, although it was not made in his name, it should have been. This bank is no longer a going concern, but is now in the hands

of a receiver, and there has been a consequent failure to pay this deposit to the person entitled to receive it, and that person is a county treasurer, who has the right, under section 1990 of Kirby's Digest, to deposit public funds in the custody of an incorporated bank, the stockholders of which are thereby made liable to him individually for the full amount thereof.

The judgment of the court below will not be reversed because the treasurer of the county is not a party to this litigation.

In the case of *Clarke* v. *School District No.* 16, 84 Ark. 516, which was a suit by a school district against one of the directors thereof for money which had erroneously been paid to said director, in which suit, however, the county treasurer had been made a party, the court said:

"The school district, having been reimbursed by Bussell (the county treasurer), was not a necessary party. It was not, however, an improper party, for the funds belonged to it; and, as it had been paid, it could sue for Bussell's benefit. * * * In reality, the school district here was only a party for the benefit of Bussell, it having already been paid."

So here the recovery is for the benefit of the county treasurer as the legal custodian of the funds and the judgment of the court below is, therefore, affirmed.

McCulloch, C. J., (dissenting): The statute now under consideration, in the form in which it was originally enacted by the General Assembly of 1891, was purely criminal in its nature, and made it an offense for any officer of the State, or any county, township, city or town, or deputy clerk or other person employed by such officer, to use or loan public funds or to permit any other person or corporation to use the same. The other section of the same statute, quoted in the opinion of the majority, merely defined the term "public funds" as used in the first section, prohibiting public officers from using, lending or depositing, but did not enlarge the class of persons to which the statute was applicable. The statute applied only to officers of the State or of a county, town-

ship, city or town, and did not include officers of a school district. Being a criminal statute, nothing could be taken by intendment, and it reached to only such cases as those which fell squarely within the terms of the statute. It can not be successfully contended that an officer would have been subject to the penalty of the statute if any other person had deposited money in his name, or if moneys to which he was entitled, as such public officer, were deposited by some other person. In other words, prior to the amendment made by the Legislature in 1903, the county treasurer would not have been criminally liable for funds wrongfully deposited in the bank by the officer of the school district. I think that is the test in the present case, for if the funds were not deposited in such manner as would have made the treasurer criminally liable prior to the amendment, the stockholders of the bank are not civilly liable under the statute as amended. The amendment of 1903 merely relaxed the penalty of the statute so as to permit "collectors of taxes, county treasurers and treasurers of cities and towns," to deposit public funds for safe keeping, on condition that the sureties on their official bonds, and banks in which such deposits are made, and the stockholders, shall be liable for such funds. There is in this amendment no enlargement of the class of persons to which the statute is applicable, but a mere relaxation of the terms of the statute so as to permit some of the officers named to deposit public funds under the specified conditions.

It seems to me that the court is stretching the language of the statute beyond its real meaning, according to ordinary rules of interpretation, in saying that the stockholders are liable in this case for funds deposited by the school district. The fact that the funds themselves fall within the class designated by the statute as "public funds" does not necessarily make the stockholders of the bank responsible, for the reason that the statute only creates a liability for funds deposited by the officers specified therein. It will be observed that the same clause which makes the bank and its stockholders liable also declares that the sureties on the official bond shall be

liable. Now, can it be contended for a moment that the sureties on the official bond of a treasurer are liable for funds which never came into the hands of that officer, but were deposited in the bank by the officers of a school district? Yet the same provision of the statute which makes the stockholders of the bank liable also makes the sureties on the official bond liable, and there is no ground for separating the liability. The interpretation which the court now places on this statute leaves stockholders of the bank without any means of protecting themselves against this liability. They may have instructed the cashier not to receive any deposits from collectors or treasurers, thinking that they were thereby escaping liability, and yet without their consent the cashier imposed a liability upon them by accepting funds on deposit from a school district.

It is my opinion, therefore, that the court erred in holding that the stockholders were individually responsible for this fund.