ELROD *v*. BOARD OF IMPROVEMENT OF PAVING DISTRICT No. 45.

Opinion delivered October 4, 1926.

1.  STATUTES—RETROACTIVE OPERATION—PRESUMPTION.—Statutes are to be construed as having only a prospective operation, unless the purpose and intention of the Legislature to give them a retrospective operation is expressly declared or is necessarily implied from the language used.

2.  MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—LIMIT OF COST.—Acts 1925, p. 548, limiting the cost of an improvement to 50 per cent. of the assessed valuation, did not apply where a petition for an improvement district, signed by a majority in value of the property owners, was filed before the act became effective, though the petition was not acted upon by the city council until after the act went into effect.

Appeal from Miller Chancery Court; *C. E. Johnson,* Chancellor; affirmed.

*B. E. Carter,* for appellant.

*G. G. Pope,* for appellee.

HUMPHREYS, J. Pursuant to a petition filed with the city council of Texarkana, Arkansas, on the 10th day of February, 1925, conforming to the general laws of the

State of Arkansas, relating to improvement districts in cities and towns, said council passed an ordinance on March 10, 1925, laying off and creating Improvement District No. 45 in said city. After the passage of said ordinance, in accordance with the law, a petition signed by a majority in value of the owners of real property in said district was filed and duly presented to the city council on May 26, 1925, in which it was specified that the cost of the improvement should not exceed 195 per centum of the assessed value of the district, in conformity to act 395 of the acts of the Legislature of 1921, which provided that any improvement might be undertaken which should not exceed in cost the percentage specified in said petition of the value of the real property in the district as shown by the last county assessment.

The council set the petition down for hearing on the 23d day of June, 1925, notice was given in accordance with law, and, on the day set, the council heard the petition and found that the majority in value of the property owners in the district had signed it, whereupon said council elected Bernard Finley, E. C. Black and Milton Oats as members of the board of improvement, who qualified by taking the oath as prescribed by law. Plans were then made for the improvement, which were approved by the council. The city council then elected three resident electors of the district to assess the benefits to be received on account of the improvement of each lot, block or parcel of real property in the district, who certified and made an assessment of benefits based upon the majority petition in value, in which it was specified that the cost of the improvement should not exceed 195 per centum of the assessed value of the property in the district as shown by the last county assessment. On February 23, 1926, the city council passed an ordinance levying and assessing the benefits against each piece of real property in the district in accordance with the report of the assessors.

At this juncture in the proceedings this suit was instituted by the appellant, a real estate owner in the

district, to prevent appellee from enforcing the assessment against the property in the district, upon the alleged ground that, under the law, the cost of the improvements could not exceed the sum of 50 per centum of the assessed valuation of the property in the district according to the last county assessment, whereas the estimated cost of the improvement is more than 100 per centum of said assessed valuation. The facts set out above constituted the gist of the bill filed by appellant.

The appellee filed a demurrer to the bill, which was sustained by the court, and, upon his failure and refusal to plead further, his bill was dismissed for the want of equity, from which is this appeal.

Appellant's sole contention for a reversal of the decree is that, after the majority petition in value of the property owners in the district had been set down for hearing by the city council, and after notice of the hearing had been given, but before it was finally heard on June 23, 1925, act 184 of the Acts of the General Assembly of 1925, amending act No. 395 of the Acts of the General Assembly of 1921, had become effective and was applicable to the district. Act 395 of the Acts of 1921 provided that any improvement might be undertaken which did not exceed in cost the percentage of the value of the real property in the district specified in the petition, and the petition specified that the cost of the improvement should not exceed 195 per centum of the assessed value of the property in the district. Act 184 of the Acts of 1925 limited the cost of the improvement to 50 per cent. of the assessed valuation, except in cases where 75 per cent. in value signed the petition, in which case the cost was limited to 100 per cent.

The soundness of appellant's contention must depend upon whether said act of 1925 was retroactive in effect. It made a substantive change in the law, and was not entirely remedial in its nature. "The presumption is that all legislation is intended to act prospectively, and not retrospectively." *Black* v. *Special School Dist. No. 2,* 116 Ark. 472, 173 S. W. 846, 1104. There is no declara-

tion in the act that it should have a retroactive effect, and no language is used therein from which such effect is necessarily implied.

The following rule has been recently announced by this court: "It is presumed that all legislation is intended to act only prospectively, and all statutes are to be construed as having only a prospective operation unless the purpose and intention of the Legislature to give them a retroactive effect is expressly declared or necessarily implied from the language used." *State* v. *K. C. & Memphis Ry. & Bridge Co.*, 117 Ark. 606, 174 S. W. 248; *Special School District of Texarkana* v. *Board of Improvement of Paving District No. 13 of Texarkana*, 127 Ark. 341, 181 S. W. 918.

The court is also committed to the following rule: "No statute will be given retroactive effect if it is susceptible of any other construction." *Rhodes* v. *Cannon*, 112 Ark. 6, 164 S. W. 752.

The basis for the formation of local improvement districts in cities and towns is the consent of the majority in value of the owners therein, so the petition is the foundation for the improvement. When the petition is signed by the majority in value of the property owners and filed with the city council, that body must consider it with reference to the statutes then existing in order to carry out the intention of the Constitution. *Sembler* v. *Water & Light Imp. Dist.*, 109 Ark. 90, 158 S. W. 972; *Bell* v. *Phillips*, 116 Ark. 167, 173 S. W. 864; *Skipper* v. *Street Imp. Dist. No. 1*, 144 Ark. 41, 221 S. W. 866.

Certainly the purpose of act 184, Acts 1925, could not have been to destroy the foundation or basis of districts in the process of formation in the State. It was clearly passed to govern districts which should be organized after it became effective.

No error appearing, the decree is affirmed.