YOCUM v. OKLAHOMA TIRE & SUPPLY COMPANY.

4-4100

Opinion delivered January 20, 1936.

*Partain & Agee,* for appellant.

*Hill, Fitzhugh & Brizzolara* and *C. H. Rosenstein,* for appellee.

JOHNSON, C. J. On June 4, 1935, appellant Frank Yocum, and Frank Yocum, administrator of the estate of Ralph Yocum, deceased filed suit in the Crawford County Circuit Court against appellee, Oklahoma Tire and Supply Company, praying judgment in damages for personal injuries sustained through the negligent operation of a motor truck upon a highway situated in Crawford County on January 23, 1935. Service of process was obtained upon appellee's truck driver in Crawford County on June 5, 1935, as prescribed by act 70 of 1935. The circuit court sustained appellee's motion to quash service of process and this appeal comes from that order. Appellee's first contention for affirmance is that the circuit court's order quashing service of process is not a

final or an appealable order, and in support of this contention we are cited *Harlow* v. *Mason*, 117 Ark. 360, 174 S. W. 1163, and *Hogue* v. *Hogue*, 137 Ark. 485, 208 S. W. 579. The cases referred to and cited support the contention urged, but they have no application to the facts of this case. The record here reflects that appellant elected to stand upon the service of process first had and obtained, and this was tantamount to a dismissal of the complaint and a final order from which an appeal lies. See *Berryman* v. *Cudahy Packing Co.*, 189 Ark. 1151, 76 S. W. (2d) 956.

Next appellee contends for affirmance that act 70 of 1935 affords no grounds or support for the service of process obtained in this action. Sections one and three of said act provide:

"Section 1. When the defendant is the owner or the operator of any motor bus or buses, motor coach or coaches, or motor truck or trucks, engaged in the business of carrying and transporting either passengers, freight, goods, wares or merchandise over any of the highways of this State, the service of summons may be had upon any such owner or operator by serving same upon any clerk or agent of any such owner or operator selling tickets or transacting any business for such owner or operator, or may be upon any driver or chauffeur of any bus, coach or truck being operated or driven by such driver or chauffeur as a servant, agent or employee of any such owner or operator, and service so had upon the agent or agents of any such owner or operator or had upon any such chauffeur or driver of any such bus, coach or truck being operated or driven as such driver or chauffeur as a servant, agent or employee of any such operator or owner shall be deemed and considered as good and valid service upon such owner or operator whether such owner or operator be a person, firm or corporation."

"Section 3. Whereas many motor buses, coaches and trucks are being operated upon the public highways of this State, and by reason of their operation persons are being injured and their property damaged, and in many instances there is now no agent of the owner or operator

of such vehicles upon whom service of summons can be had in counties through which same are being operated; therefore an emergency exists on account of such injuries and damages to persons and property and no adequate provision for service of summons existing, it is found that this act is necessary for the immediate preservation of the public peace, health and safety, and an emergency is hereby found to exist, and this act shall be in full force and effect from and after its passage.''

The undisputed facts in reference to the service of process in this action are that appellee is a Delaware corporation, and maintains its place of business at Fort Smith in Sebastian County; that it owns and operates a small motor truck to deliver goods, wares and merchandise to its customers in that vicinity, and was actually engaged in making such a delivery to a customer in Crawford County when the alleged injury occurred on January 23, 1935; that the service of process was obtained in this action by the sheriff of Crawford County upon appellee's truck driver in said county.

Appellee's most serious contention seems to be that said act should be construed by us as applicable only to those truck and bus owners who carry freight and passengers for hire. The language of the act does not justify this narrow construction. Section one of the said act when paraphrased provides in plain and unmistakable language that when ''the owner or operator of any motor * * * truck or trucks engaged in the business of carrying and transporting either passengers, freight, goods, wares or merchandise over any of the highways of this State, the service of summons may be had upon any such owner or operator * * * upon any driver or chauffeur or any * * * truck operated or driven by such driver or chauffeur as a servant, agent or employee or any such owner or operator and service so had * * * shall be deemed * * * good and valid service * * * whether such owner or operator be a person, firm or corporation.'' Section three of said act not only harmonizes with section one as paraphrased but demonstrates our conclusions hereinafter stated.

When act 70 of 1935 is viewed and considered from its four corners,. the unmistakable intent of the Legislature was to make all owners and operators of trucks or buses upon the highways of this State carrying either passengers, freight, goods, wares or merchandise amenable to service of process through the drivers or chauffeurs of the trucks or buses in any county through which their·trucks or buses may be operated.

The conclusion thus stated is not only made certain, but is demonstrated by § 3 of said act. It expressly provides:

"Whereas, many motor buses, coaches and trucks are being operated upon the public highways of this State, and by reason of their operation persons are being injured and their property damaged and in many instances there is now no agent upon whom service of summons can be had in counties through which same are being operated, * * *."

When the undisputed facts of this case are measured by the language of act 70, quoted *supra,* it appears that the service of process obtained falls within its terms. Under repeated opinions of this court we are not at liberty to nullify and destroy the plain intention of the lawmakers by judicial construction. *Southern Surety Company* v. *Dardanelle Rd. Imp. Dist. No. 1,* 169 Ark. ·755, 276 S. W. 1014; *Berry* v. *Sale,* 184 Ark. 655, 43 S. W. (2d) 225.

Appellee next urges that act 70 of 1935 has no application to this case because the cause of action arose prior to the passage and approval of said act.

We understand the rule to be that the legislative branch of the State government has full power, and may provide such methods and means for service of process in civil actions as it may deem wise or expedient, provided only that such enactments afford due process of law and are not discriminatory in its application and effect. That act 70 affords due process and is not discriminatory necessarily follows from our opinion in *Kelso* v. *Bush, ante* p. 1044. We there held that an act which required a nonresident car owner or operator upon the highways of this State to appear in any action pend-

ing in the courts of this State was not discriminatory because based upon a reasonable legislative classification, and the reasoning there entertained and stated is full answer to the contention here urged.

It only remains to determine if act 70 of 1935 is applicable in the prosecution of this case. The act is necessarily and exclusively procedural in its scope and effect and must be construed and applied as such. We have repeatedly held that under procedural acts a case must be determined on the law as it is at the time of the judgment unless the contrary appears from its context. *Rose* v. *Ford,* 2 Ark. 26; *Green* v. *Abraham,* 43 Ark. 420; *Foster* v. *Graves,* 168 Ark. 1033, 275 S. W. 653; *State, etc.,* v. *Anderson-Tully Co.,* 186 Ark. 170, 53 S. W. (2d) 17.

Appellee asserts that the act in question is not merely procedural but falls within the rule announced in *State* v. *K. C. & M. R., etc.,* 117 Ark. 606, 174 S. W. 248; *Mosaic Templars* v. *Bean,* 147 Ark. 24, 226 S. W. 525; *Mutual Relief Ass'n* v. *Parker,* 171 Ark. 952, 287 S. W. 199; *Elrod* v. *Board of Imp.,* 171 Ark. 848, 286 S. W. 965. The statutes considered and construed in the cases last referred to are not procedural in scope and effect as is the statute here under consideration, and this suffices to distinguish them from the cases first cited.

It follows from what we have said that the lower court erred in quashing the service of process, and the cause must be reversed, and remanded for further proceedings.