JUNE ALLRED v. NATIONAL OLD LINE INS. CO.

5-4789                                    435 S.W. 2d 104

Opinion Delivered December 23, 1968

894

*Walker & Campbell* and *Paul Jackson* for petitioner.

*J. Loyd Shouse* and *Lloyd B. McCain* and *Clyman E. Izard Jr.* for respondent.

JOHN A. FOGLEMAN, Justice.    June Allred has filed a petition for a writ of certiorari seeking to review the action of the trial court in quashing service of summons and refusing to enter a default judgment in her favor. Petitioner had filed suit in the Circuit Court of Boone County against the National Old Line Insurance Company and the Harrison Federal Savings and Loan Association on May 3, 1967.    Summons was directed to National Old Line Insurance Company and Harrison Federal Savings and Loan Association and was served May 3, 1967, on Betty Yarbrough in Boone County as agent for the respondent[1].    On July 14, 1967, respondent filed motion to quash service of summons on the grounds that Betty Yarbrough was not an officer, agent or employee of respondent and that she was not authorized to receive or accept process on its behalf.

On November 14, 1967, after a hearing was held, the trial court determined that Betty Yarbrough was not a proper agent for service and granted the motion to quash.    The court found that it had jurisdiction and that new service should be had upon respondent's admitted agent in Boone County.    It also said that the respondent should have the regular statutory period within which to plead or, in the alternative, defendant could, if it so elected, plead further without requiring the expense and necessity of new service.

On November 21, 1967, respondent filed an answer and cross-complaint without any other process having been issued.    On November 28, 1967, petitioner entered

---

[1] In spite of the fact that this is a petition for certiorari, we refer to National Old Line Insurance Company as respondent because they were so named in the petition and in the briefs filed.

a motion to strike the answer and cross-complaint for the reason that it was filed out of time and that there was no basis in law for allowing it to be filed, reserving her objection to the court's decision on November 14. Petitioner also requested that a default judgment be entered in her favor. The court held that it had been without authority in allowing respondent to answer without new service of process and that petitioner's entitlement to default judgment had been decided in the order of November 14. The court, therefore, granted the motion to strike the answer and cross-complaint but did not dismiss the complaint or enter judgment for costs in favor of respondent.

Rather than cause new process to be issued petitioner filed this petition. We ordered the complete record brought up so that we could adequately determine the questions raised by petitioner.

Petitioner argues two points for the granting of the writ. We deem it necessary to consider only one of them. It is stated by petitioner thus: "An order sustaining a motion to quash is not final and is not therefore, an appealable order and the only remedy available to petitioner is a writ of certiorari."

We agree with petitioner that in this case the order sustaining the motion to quash the issuance of the summons is not final and is therefore not appealable. *Robberson* v. *Steele Canning Co.*, 233 Ark. 988, 349 S.W. 2d 814; *Harlow* v. *Mason*, 117 Ark. 360, 174 S.W. 1163. There are some cases which appear upon superficial examination to be in conflict with the above, but we feel that they are distinguishable.

For an order of a trial court to be appealable to the Supreme Court it must be final. Ark. Stat. Ann. § 27-2101 (Repl. 1962). In *Johnson* v. *Johnson*, 243 Ark. 656, 421 S.W. 2d 605 we said, "For a judgment to be final and appealable, it must in form or effect: term-

inate the action; operate to divest some right so as to put it beyond the power of the court to place the parties in their former condition after the expiration of the term; dismiss the parties from the court; discharge them from the action; or conclude their rights to the matter in controversy." If an order of the trial court meets the above test then it is appealable.

In *Hogue* v. *Hogue,* 137 Ark. 485, 208 S.W. 579, the court allowed an appeal from an order quashing service where the trial court had also granted a judgment that the defendant go hence without day. Commenting on the appealability of orders quashing service of summons the court said, "On the other hand if the trial court quashes the writ, the plaintiff may take an alias summons and thereby waive objection to the judgment of the court; or he may rest upon the quashal of the writ and appeal from the judgment of the court quashing the summons and permitting the defendant to go hence without day or what amounts to the same thing, dismissing the plaintiff's action."

In *Bank of the State* v. *Bates,* 10 Ark. 631, the order quashing the writ was held to be appealable because the trial court quashed the summons and allowed a judgment for costs, the effect of which was to dismiss the parties from the court.

The court in *Berryman* v. *Cudahy Packing Company,* 189 Ark. 1151, 76 S.W. 2d 956, allowed an appeal from an order quashing service where the trial court had subsequently dismissed the complaint.

An order sustaining defendant's motion to quash service of summons was held to be appealable in *Yocum* v. *Oklahoma Tire & Supply Co.,* 191 Ark. 1126, 89 S.W. 2d 919. The court there observed, "The record here reflects that appellant elected to stand upon the service of process first had and obtained, and this was tantamount to a dismissal of the complaint and a final order from which an appeal lies."

In *Safeway Stores* v. *Shwayder Bros.*, 238 Ark. 768, 384 S.W. 2d 473, the trial court sustained a motion quashing the service and the summons on the grounds that the statute under which service was obtained was unconstitutional. In holding that the order was appealable the court said, "That holding by the court amounted in fact to a judgment on the merits of the real issue raised by this appeal. Not only so, but the trial court also said, 'this court is without jurisdiction as to' appellee. This certainly makes it clear that appellant would not be allowed under any circumstances to try its case against appellee."

In order to resolve any apparent conflict among previous decisions we hold that no appeal lies from an order quashing process or its service unless the party seeking review has elected to stand upon the process served and suffered an adverse judgment tantamount to a dismissal of his action, or unless the quashing of the process has the effect of preventing the trial of the action in the court in which it is filed under any circumstances.

In the case before us petitioner's rights have not been finally determined. Her complaint has not been dismissed and she only has to cause service of an alias writ to be had upon respondent's admitted agent in order to try her case on the merits.

It does not necessarily follow that the trial court's order may be reviewed on certiorari, simply because it is not appealable.

The applicable rule was clearly stated in *Merchants & Planters Bank* v. *Fitzgerald*, 61 Ark. 605, 33 S.W. 1064 where this court said, "According to the well settled practice in this state the writ of certiorari can be used by the circuit court in the exercise of its appellate power and superintending control over inferior courts in the following classes of cases: (1) Where the tribunal to

which it is issued has exceeded its jurisdiction; (2) where the party applying for it had the right of appeal, but lost it through no fault of his own; and (3) in cases where it has superintending control over a tribunal which has proceeded illegally and no other mode has been provided for directly reviewing its proceedings. But it cannot be used as a substitute for an appeal or writ of error, for the mere correction of errors or irregularities in the proceedings of inferior courts." See also *Hendricks* v. *Parker*, 237 Ark. 656, 375 S.W. 2d 811.

In the case before us it is not contended by petitioner that the trial court had exceeded its jurisdiction or that petitioner had the right to appeal but had lost it through no fault of her own. Petitioner does contend that she has been aggrieved by the trial court's order and that she has no other mode of review except certiorari.

Although it is true that no appeal lies from the order complained of, petitioner may elect to stand on her service and have final judgment entered dismissing her complaint from which, of course, she may appeal. This court has held that a writ of certiorari will not lie to review an interlocutory order of a lower court which has proper jurisdiction. *Sanders* v. *Plunkett*, 40 Ark. 507. See also, *Williamson* v. *Killough*, 185 Ark. 134, 46 S.W. 2d 24. We agree with the statement made in *Sanders* v. *Plunkett, supra*, "The result of this doctrine, once admitted, would be that in all cases where the object of a bill would be accomplished by obtaining, or defeated by the refusal of an interlocutory injunction, an application might be made directly to this court, for original jurisdiction, to determine upon its merits a cause never presented to any court at all, nor entered upon its records. This under the Constitution can never be permissible."[2]

The writ is denied.

[2]Although an appeal from an interlocutory order relating to an injunction has now been provided for by statute, the principle stated in this case remains sound. It is significant that the statute, Ark. Stat. Ann. § 27-2102 (Repl. 1962), does not provide for review of orders such as those involved here.