**DIAMOND CRYSTAL SALT COMPANY, Plaintiff, Appellee,**

v.

**P. J. RITTER COMPANY, Defendant and Third-Party Plaintiff, Appellant,**

v.

**SILVER CREEK PRESERVING CORP., et al., Third-Party Defendants, Appellees.**

No. 7348.

United States Court of Appeals
First Circuit.

Heard Sept. 12, 1969.

Decided Dec. 30, 1969.

Raymond J. Kenney, Jr., Boston, Mass., with whom Clement McCarthy, Charles P. Reidy, III, Boston, Mass., and Bernard T. Loughran, Belmont, Mass., were on brief, for appellant.

Paul V. Power, Boston, Mass., for Silver Creek Preserving Corp., appellee.

Charles A. Goglia, Jr., Boston, Mass., with whom Henry P. Monaghan and Foley, Hoag & Eliot, Boston, Mass., were on brief, for Albert W. Sisk & Son, Inc., appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Although another matter was sought to be argued, we will decide only one question in this case; whether the Massachusetts long arm statute, Mass. G.L. c. 223A § 1 et seq., enacted in 1968, is to be applied retrospectively. The conduct upon which jurisdiction is

sought to be based, and even the institution of suit, occurred before the effective date of the statute. The complaint against the third party defendants was dismissed for lack of jurisdiction, but upon the statute's becoming effective, a second service was made. The court again granted a motion to dismiss, and the third party plaintiff appeals.

By 1968 a large number of states had enacted long arm legislation, and except as to statutes which predicated jurisdiction upon fictionalized "consent," the overwhelming weight of judicial authority favored retrospective construction. See Note 19 A.L.R.3d 138 (1968).[1] Such application is, of course, constitutional. McGee v. International Life Ins. Co., 1957, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed. 2d 223. The usual ground given for supporting retrospectivity is that such statutes go to the remedy, and are procedural, not substantive. See, e. g., Nelson v. Miller, 1957, 11 Ill.2d 378, 143 N.E.2d 673; Safeway Stores, Inc. v. Shwayder Bros., Inc., 1964, 238 Ark. 768, 384 S.W. 2d 473; Carvette v. Marion Power Shovel Co., n. 1, supra. Massachusetts is accustomed to giving procedural changes retrospective effect. Welch v. Mayor of Taunton, 1962, 343 Mass. 485, 487, 179 N.E.2d 326; Lindberg v. State Tax Comm'n, 1956, 335 Mass. 141, 143, 138 N.E. 753; Ring v. City of Woburn, 1942, 311 Mass. 679, 682, 43 N.E.2d 8; Hanscom v. Malden & Melrose Gas Light Co.,

1914, 220 Mass. 1, 3, 107 N.E. 426 (dictum) (Rugg, C. J.).

■ Appellees place their principal reliance upon the fact that in the year that this statute was adopted four bills were filed in the legislature, two of which expressly provided for retrospectivity. Appellees claim that when the legislature enacted a bill omitting this language it thereby showed it rejected the concept. The answer is not that simple. Where a provision might be thought to work a substantial alteration, its disappearance during the legislative travel may well be of significance. Commonwealth v. Benoit, 1964, 347 Mass. 1, 196 N.E.2d 228. This rule should not apply when settled law indicates that the omitted provision would have been surplusage. In such circumstances more is needed in the legislative history than the mere fact of disappearance.

■ So far as appellee Silver Creek Preserving Corporation is concerned, the judgment of the District Court must be reversed and the case stand for trial. As to the claim against appellee Albert W. Sisk & Son, Inc., it seems reasonably apparent that if Sisk did anything which would impose liability on it to the plaintiff, by the same token it would be subject to service under section 3(d).[2] Accordingly we return the question of jurisdiction over Sisk to the district court, to pass upon when and as it may see fit, consistently herewith.

1. This Note, which appellee Sisk cites for the proposition that the courts are divided, actually refers to but one case in which a nonconsent statute has been held prospective only. Bruney v. Little, 1966, 8 Ohio Misc. 393, 222 N.E.2d 446. This case has since been overruled in Kilbreath v. Rudy, 1968, 16 Ohio St.2d 70, 242 N.E.2d 658. The Note also refers to three cases refusing retroactive effect in which "no particular weight was given by the courts to the fact that the statute invoked was an 'implied consent' statute." 19 A.L.R.2d 158. Two of these cases have subsequently been overruled by Carvette v. Marion Power

Shovel Co., 1968, 157 Conn. 92, 249 A.2d 58, and substantial doubt has been cast upon the third by Myers v. Mooney Aircraft, 1967, 429 Pa. 177, 240 A.2d 505.

2. "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's * * *.
(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business * * * in this commonwealth." Mass.G.L. c. 223A § 3.